## Richmond

LAWRENCE A. LIPSCOMB, JR. v. THOMAS E. COMMINS, JR.

January 17, 1972.

Record No. 7714.

Present, All the Justices.

*Robert R. Gwathmey, III* (*Douglas S. Mitchell,* on brief), for appellant.

*Leonard A. Paris* (*George H. Guy, Jr.; John M. McCarthy; White, Cabell, Paris & Lowenstein,* on brief), for appellee.

Per Curiam.

By a deed recorded August 9, 1963, Lawrence A. Lipscomb, Jr. (appellant) was conveyed a tract of land in King William County known as "Oak Spring." The deed also conveyed the following right-of-way:

> "Together with a right of way for a road over the tract of land containing 150 acres, more or less, called 'Youngs' which road is located along a fence and extending from 'Oak Spring Farm' Northwestwardly to the road leading from Chericoks Farm to the public road all of which is more definitely set forth in a certain deed dated November 27, 1908, from J. W. Montague and wife to Thomas C. Commins recorded in the Clerk's Office of the Circuit Court of King William County, Virginia, in Deed Book 23, page 446."

Thomas E. Commins, Jr. (appellee) is the owner of the tract of land known as "Youngs." On April 22, 1968, Commins filed a bill of complaint alleging that the right-of-way enjoyed by Lipscomb had been abandoned by Lipscomb's predecessors in title. The bill prayed that Lipscomb be permanently enjoined from using such right-of-way.

An issue out of chancery was had, and after all the evidence was heard, the jury returned the following verdict: "We the jury upon the issue joined find for the complainant, Thomas E. Commins, Jr. and find that the road should be abandoned."

The Chancellor, after considering motions made by Lipscomb, entered a decree affirming the jury's verdict and enjoining Lipscomb from using the right-of-way across the land of Commins. We awarded Lipscomb an appeal from that decree.

The only question we find necessary to decide is whether the evidence was sufficient in law to support a finding that the right-of-way had been abandoned.

The party asserting the abandonment of an easement or right-of-way must prove that fact by clear and unequivocal evidence. Abandonment is a question of intention and may be proved by a cessation of use coupled with circumstances clearly showing an intention to abandon the right. *Lindsey* v. *Clark*, 193 Va. 522, 525, 69 S.E.2d 342, 344 (1952).

We have carefully considered the entire record in this case. Although there is evidence of non use of the right-of-way, there is no clear and unequivocal proof that the right-of-way in question was intentionally abandoned by Lipscomb's predecessors in title. Accordingly, the decree appealed from is reversed and final decree entered.

*Reversed and final decree.*