## Richmond

GEORGE D. CONRAD v. CHARLES O.
STRICKLER, ET AL.

January 20, 1975.

Record No. 740287.

Present, All the Justices.

*H. Merrill Pasco (Virginia H. Hackney; Hunton, Williams, Gay & Gibson, on brief), for appellant.*

*Donald E. Showalter (Phillip C. Stone; Wharton, Aldhizer & Weaver, on brief), for appellees.*

Harrison, J., delivered the opinion of the court.

George D. Conrad sought to enjoin Charles O. Strickler and Robert H. Strickler from interfering in any way with the use of an easement of right-of-way by appellant and his successors in title. He also sought to require the Stricklers to remove all obstructions therefrom and to do all other things necessary to enable appellant to use the right-of-way without obstruction or

restriction and as an open roadway. From a final decree by the court below granting appellant partial relief he has noted an appeal.

On November 1, 1972,[1] Olie M. Arbogast and Elsa L. Arbogast, husband and wife, conveyed to George D. Conrad a tract of land in Rockingham County, Virginia containing 199.173 acres, more or less, and included in the conveyance an easement of right-of-way therein described as follows:

"This conveyance includes all of the right, title and interest of the grantors in an easement of right of way fifteen (15) feet wide extending from the southwestern corner of the property hereby conveyed across the land of Robert H. Strickler and Charles O. Strickler, along the line of property formerly owned by J. W. Hall, to the Keezletown and Harrisonburg road (State Route 925), which easement was conveyed to J. M. Liskey (a former owner of part of the land hereby conveyed) by George B. Keezell and wife by deed dated March 28, 1913, recorded in Deed Book 97, at page 222. For further description of and particulars regarding said right of way reference is made to a deed from James Layman and George B. Keezell to Emma Rinker and Minnie A. Rinker, dated May 19, 1894, recorded in Deed Book 49, at page 207 and to a plat made by A. R. Myers, S. R. C., dated April 24, 1936, which is recorded with a deed from N. H. Keezell and wife to J. W. Hall (predecessor in title to the Stricklers) dated July 16, 1936, recorded in Deed Book 165, at page 375."

Charles O. Strickler and Robert A. Strickler are the owners of land which lies between Conrad and State Highway 925. This land was conveyed to the Stricklers by deed from Sallie Crider Hall, dated November 27, 1964. Sallie Crider Hall's predecessor in title, J. W. Hall, acquired the property from N. H. Keezell and wife, by deed dated July 16, 1936. In this deed reference is made to the Myers plat, dated April 24, 1936, which shows thereon the 15-foot right-of-way in issue.

Conrad's Exhibit 1 is a sketch of the properties involved and is reproduced here as follows:

---

[1] All deeds referred to in this opinion are duly of record in the Clerk's Office of the Circuit Court of Rockingham County.

Referring to the above unscaled drawing, a 24-acre portion of the Conrad farm is marked "1", and the Strickler lands are shown as "2" and "3". It is Conrad's position that his right-of-way originated with the 1913 deed from George B. Keezell and wife to J. M. Liskey, and that it runs from A to B to D to the Keezletown-Harrisonburg Road (Route 925). This deed conveyed to Liskey a 24-acre tract of land [Conrad (1) on the sketch] and a right-of-way described as follows:

"The said parties of the first part grant to the party of the second part a right of way over the lands of the parties of the first part along the Hall line to the Harrisonburg road upon the same location used by J. W. Hall, Jas. Layman, Emma and Minnie Rinker and more particularly described in deed of James Layman and George B. Keezell to Misses Emma and Minnie Rinker bearing date of May 19, 1894, recorded in Deed Book 49 Page 27 to which reference is made. . . ."

The genesis of the right-of-way (A to B to D to E) was the deed from James Layman and George B. Keezell to Emma Rinker and Minnie A. Rinker, dated May 19, 1894. In that deed the Rinkers were conveyed a certain right and use of a roadway described therein, "with the privilege to the parties of the first part to fence said roadway or not fence it as they respectively may elect, and also to put gates across said roadway at such points as they may desire". The deed additionally provided:

"It is further understood by the parties hereto that the right of way hereby granted to the parties of the second part is for the use of their farm over whose line said roadway begins and for no other purpose, said roadway is to be sufficiently wide to wagon over but shall not at any point exceed fifteen (15) feet. Nothing in this deed shall be construed to give the parties of the second part any right or use of said lands for other purposes than that of roadway to and from said farm. It is also understood as part of the consideration in this transaction that the said roadway from the pond out to the Harrisonburg and Keezletown road is to follow the present roadway on Keezell's land to the south end of Layman's lot and then pass across the point of said lot as at present and not pass entirely out to the said Harrisonburg and Keezletown road on the Keezell line and then the said Keezell is to have the use of this the same as the said Rinkers."

The right-of-way described in the 1894 deed includes the right-of-way shown on the sketch as A to B to D to E.

In his amended bill of complaint, Conrad alleged that he acquired the 15-foot easement of right-of-way extending from point A on the sketch across Strickler 2 to State Route 925, and that it is the same easement conveyed Liskey in 1913. However, he now claims that between 1940 and 1964 the location of a portion of the right-of-way granted by the 1913 deed was changed by oral agreement by the predecessors in title of Conrad and the Stricklers and now runs A to B to C. He says that the oral agreement is binding upon the Stricklers who, he alleges, had actual and record notice of the relocated right-of-way across their property

The trial court found that Conrad was entitled to a 15-foot right-of-way over and across the lands of the Stricklers "more particularly described" in the 1894 deed from Layman and Keezell to the Rinkers; that the line of the right-of-way is A to B to D to E; that the right-of-way is appurtenant only to the 24-acre tract acquired by Conrad's predecessor, L. M. Liskey, by deed from George B. Keezell and wife, dated March 13, 1936; and that the Stricklers may elect whether Conrad shall be entitled to the right-of-way described in the 1913 Rinker deed (A-B-D-E), or to a right-of-way which follows the line A-B-C.

The trial court further decreed that Conrad was entitled to such uses of the right-of-way as were established at the time of its creation in 1913 and for such other purposes to which his 24 acre tract might thereafter reasonably be devoted so long as purposes other than those existing in 1913 shall not impose an additional burden on the servient estate. It further held that the right-of-way was subject to the restrictions and conditions contained in the 1894 deed. It directed that a survey be made of the right-of-way to determine its exact location, and granted the Stricklers the right to route the right-of-way around any permanent obstruction that might have been constructed in the right-of-way, provided it is reasonably done and does not create an additional burden for Conrad, the owner of the dominant estate.

The right-of-way claimed by Conrad across Strickler's land is clearly a right-of-way along the line of land formerly owned by Hall to the Harrisonburg Road and is reflected on the sketch as line A-B-D-E. The 1913 deed recited that the

right-of-way was one "more particularly described" in the 1894 deed. However, the reference to the 1894 deed was not alone for an accurate location of the right-of-way, but for a more particular description of it. Such a description encompasses the width of the easement and any conditions and limitations upon its use imposed by the instrument creating it. Further, in the deed by which Conrad acquired title from Arbogast, the right-of-way is described by reference to the 1894 deed and to the Myers 1936 map which shows the line to be A-B-D-E. Significantly, the Arbogast deed refers to the 1894 deed not only for a "further description" but also for "particulars regarding" the right-of-way.

The 1894 deed granted the Rinkers "for the use of their farm ... and for no other purpose" a road sufficiently wide "to wagon over", but not to exceed 15 feet. The evidence shows that the area in which this roadway is located is a farming area and its uses have changed little since 1894. The Conrad and Strickler properties are agricultural in nature and the right-of-way in question has been used largely for farm purposes. The 24 acre tract of Conrad, the dominant tract, has no dwelling thereon and is used for growing crops.

It appears that some time during the 1940's a predecessor in title to the Stricklers orally permitted others, including Conrad's predecessor, to use a driveway on Strickler 3 located between a barn and a dwelling (B to C), instead of right-of-way B to D to E. Several witnesses testified that, following the agreement, access from Highway 925 to Conrad 1, and to the properties of others entitled to use the right-of-way in question, was from C to B to A, instead of E to D to B to A. The use of this way was apparently a minimal use. Mr. Arbogast testified that he did not know there was a right-of-way except that Mr. Hall (Stricklers' predecessor) told him to go through there (B to C) when he wanted to. Arbogast said that after the Hall property was sold to the Stricklers he used the right-of-way, B to C, one time that he could recall and then only after he had asked Strickler if he could "take a bulldozer over there". Mr. Robert H. Strickler testified that no one had ever used the right-of-way, B to C, since he and his brother purchased the farm in 1964. He said he granted Arbogast permission to bring a bulldozer over his property, but that he had no knowledge or notice that anyone claimed a right-of-way across his land from point B to point C.

The Stricklers did have record notice of the 1913 right-of-way from A to B to D to E.

The evidence supports the finding of fact by the trial judge that the Stricklers failed to show an abandonment of the easement A-B-D-E, and that Conrad failed to establish an express oral agreement to change the location of this easement. There is no clear and convincing evidence that the Stricklers had any notice of a right-of-way across their property other than the right-of-way described in the deeds in their chain of title and in the chain of title to Conrad's 24 acre parcel of land. In *Lindsey* v. *Clark*, 193 Va. 522, 525, 69 S. E. 2d 342, 344 (1952), we said:

> "Abandonment is a question of intention. A person entitled to a right of way or other easement in land may abandon and extinguish such right by acts *in pais*; and a cessation of use coupled with acts or circumstances clearly showing an intention to abandon the right will be as effective as an express release of the right. . . .
>
> "But mere non-user of an easement created by deed, for a period however long, will not amount to abandonment. In addition to the non-user there must be acts or circumstances clearly manifesting an intention to abandon; or an adverse user by the owner of the servient estate, acquiesced in by the owner of the dominant estate, for a period sufficient to create a prescriptive right. . . . Nor is a right of way extinguished by the habitual use by its owner of another equally convenient way unless there is an intentional abandonment of the former way. . . .
>
> "The burden of proof to show the abandonment of an easement is upon the party claiming such abandonment, and it must be established by clear and unequivocal evidence. . . ."

*See also Lipscomb* v. *Commins*, 212 Va. 543, 186 S. E. 2d 74 (1972).

It is appellant's position that the right-of-way granted J. M. Liskey in 1913 was for the benefit of all property owned by Liskey and was not just appurtenant to the 24 acre tract of land (Conrad 1). In the deed from Keezell to Liskey the 24 acre parcel is described as adjoining the lands of "J. M. Liskey", John W. Hall and George B. Keezell. Conrad argues that the reference to Liskey as an adjoining porperty owner was sufficient to establish that he did then own adjoining property. Aside from

the fact that the record does not show other land owned by Liskey or the nature of his ownership, there is no language in the 1913 deed to indicate that either George B. Keezell or J. M. Liskey intended that the right-of-way granted Liskey was to benefit any land other than the 24 acre tract.

No ambiguity exists in the 1913 deed and therefore the language of the deed controls. *Stephen Putney Co.* v. *R. F. & P. R. Co.*, 116 Va. 211, 81 S. E. 93 (1914). Conrad does not rely on prescription. The 1913 right-of-way is an appurtenant easement, not an easement in gross, and there must be both a servient and a dominant tract. *Lester Coal Corp.* v. *Lester*, 203 Va. 93, 122 S. E. 2d 901 (1961). The 1913 right-of-way did have a dominant tract (the 24 acres, now Conrad's land) and a servient tract (the residue of the Keezell farm, now Stricklers' land). Had the parties intended that this right-of-way was for the benefit of other lands of Liskey, they could have easily so provided.

A right-of-way granted in a deed conveying a particular tract is not an appurtenance to all other adjoining tracts owned by the grantee thereof. This was decided in *Robertson* v. *Robertson*, 214 Va. 76, 197 S. E. 2d 183 (1973). There we held that the owner of the dominant tract cannot use an easement for that tract to benefit additional lands he may own for such a result "would necessarily enlarge the burden on the original right-of-way".

We therefore agree that the right-of-way to which Conrad is entitled is appurtenant only to his 24-acre parcel of land and that, in the language of the trial court, he is "entitled to use the right of way for such use as that established at the time of its creation in 1913, and such other purposes to which the complainant's 24-acre tract might thereafter be reasonably devoted so long as purposes other than those existing in 1913 shall not impose an additional burden on the servient estate". *See Cushman Corporation* v. *Barnes*, 204 Va. 245, 129 S. E. 2d 633 (1963). The trial court properly held that the restrictions on the easement granted by the 1894 deed were incorporated by reference into and apply to limit the easement provided for in the 1913 deed.

■ We find no reversible error in the action of the trial court in granting the Stricklers the opportunity to elect whether Conrad shall be entitled to right-of-way A-B-D-E, or be granted route A-B-C for which he has contended. Neither do we find objection in the requirement of the lower court that the

right-of-way be surveyed; that in the course of locating the right-of-way the appellees have the right to route it around any permanent obstruction provided it is reasonably done and does not create any additional burden for appellant; or that the parties pay their own costs. These were all matters within the sound discretion of a trial court seeking to do equity between adjoining property owners.

The decree of the lower court is

*Affirmed.*