JUSTICE LEMONS, concurring.
The discrepancy between the trial court’s letter opinion and its Final Decree creates confusion in the resolution of this case. The evidence in this case concerns two separate roads, the “old Free Hollow Road” and a deviation from that easement, variously called the “new road” or the “farm road.”
In its Final Decree, the trial court found that:
4. The plaintiffs sustained their burden of proving a prescriptive easement over the old “Free Hollow Road” from Free Hollow to the location of present day State Route 714 near its intersection with State Route 615. However, clear and unequivocal evidence indicates non-use of the easement coupled with acts which indicate an intention to abandon or which evidence adverse use by the owners of the servient estate (Rose Hill) acquiesced in by owners of the dominant estate (Free Hollow) constituting abandonment of said old “Free Hollow Road.”
5. The plaintiffs have not sustained their burden of showing that the right of way continued in a different location.
*305 By contrast, in its letter opinion, referring to the changed location, the trial court stated, “[i]t is the Court’s finding that no easement was created by the occasional use of this road by persons who had the permission of the owner.” At the heart of this confusion is the failure to clearly distinguish between moving an existing easement and creating a new easement, and the corollary problem of identifying which path of the easement, old or new, is the focus of proof of abandonment.
The majority opinion correctly points out that we review the judgment of the trial court which found abandonment of the “old Free Hollow Road,” and no establishment of Hudson’s right to utilize the “new road.” Most of Hudson’s evidence on the subject is related to lack of abandonment of the new road. Unfortunately, the trial court relied upon and cited evidence concerning both roads to support its conclusion of abandonment of the old road.
The burden of proof of abandonment of an existing easement lies üpon the party claiming the abandonment and must be established by “clear and unequivocal” evidence.
Nonuse of an easement coupled with acts which evidence an intent to abandon or which evidence adverse use by the owner of the servient estate, acquiesced in by the owner of the dominant estate, constitutes abandonment. The burden rests upon the party claiming such abandonment to prove it by clear and unequivocal evidence. Lindsey v. Clark, 193 Va. 522, 525, 69 S.E.2d 342, 344 (1952). See also Lipscomb v. Commins, 212 Va. 543, 186 S.E.2d 74 (1972); 1 Minor [on Real Property § 109 (2d ed. F. Ribble 1928)].
Robertson v. Robertson, 214 Va. 76, 81-82, 197 S.E.2d 183, 188 (1973).
The evidentiary standard of “clear and unequivocal” requires a different level of proof than the more familiar standard of “clear and convincing.” Fred C. Walker Agency, Inc. v. Lucas, 215 Va. 535, 540-41, 211 S.E.2d 88, 92 (1975). “Clear and unequivocal” is at least as high a standard of proof as that of “beyond a reasonable doubt,” if not higher. See Addington v. Texas, 441 U.S. 418, 432 (1979) (noting that “[t]he term ‘unequivocal,’ taken by itself, means proof that admits of no doubt, a burden approximating, if not exceeding, that used in criminal cases”). Moreover, as we said in Pizzarelle *306 v. Dempsey, 259 Va. 521, 529, 526 S.E.2d 260, 264 (2000), the evidence is not unequivocal unless it is “free from uncertainty.”
While the evidence of abandonment of the “old Free Hollow Road” is, as the majority correctly states, sufficient to satisfy the heightened evidentiary burden, if the issue were the abandonment of the “new road,” I would find the evidence insufficient. However, the trial court’s Final Decree recites that “[t]he plaintiffs have not sustained their burden showing that the right of way continued in a different location.” From this determination, there is no assignment of error before us.
The burden of proving abandonment of the easement by clear and unequivocal evidence is upon Pillow. The burden of proving movement of the easement by the preponderance of the evidence is upon Hudson. These are distinct issues, both of which are addressed in the trial court’s judgment; however, only the former is before us on appeal.
Because both the trial court and the majority opinion mix proof of abandonment of both roads, I write separately to distinguish precisely the narrow issue before us on appeal, and emphasize that the heightened burden of proof was met only as to this narrow issue.